Bulkowski *v.* Cadets of St. Casimir of Polish
Roman Catholic Union of East Pittsburgh,
Appellant.

Argued April 24, 1935.

2

 Before

KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ. 

*M. E. Evashwick,* with him *Harry J. Nesbit,* for appellant.

*Leo Kostman,* for appellee, was not heard.

OPINION BY KELLER, P. J., July 18, 1935:

The defendant is a corporation of the first class, organized as a beneficial society, for the purpose of providing sick and death benefits for its members.

The plaintiff became a member in 1911, and claims still to be a member. It is not shown that he was ever suspended or expelled from membership.

In 1932 the County of Allegheny, in the course of some highway improvements, took, under condemnation proceedings, certain real estate belonging to the corporation and paid the damages into the society's treasury.

On October 9, 1932, at a meeting of the corporation at which this plaintiff was present, it was voted to distribute $13,000 of this money among the members of the society, paying each member $21.11 for every year he was a member.

The plaintiff was refused his share of the money distributed and brought this action in the county court to recover the same.

On the trial the foregoing facts were proved. It was also shown that in 1924 the plaintiff became sick with tuberculosis; that he spent three years at the Cresson Tuberculosis Sanatorium, and is still sick. He received sick benefits, in accordance with the provisions of the constitution of $5 a week for the first six months of his illness, and $2.50 a week for the next six months. Thereafter, under the constitution, he was not entitled to further sick benefits; but it provides that while sick he is not obliged to pay his monthly dues.

The defendant contends that the relevant clauses of the constitution[1] render plaintiff ineligible to share as a member in the distribution of this principal fund. We do not so read them.

Article II, section 6, relates to the suspension of members for non-payment of monthly dues. As sick members, even though not entitled to the continuance of sick benefits, are relieved from paying monthly dues (Art. XIV, sec. 10), it does not apply to them. It was so construed by the society, for no notice of three

[1] Article II, section 6: "If a member fails to pay his dues for three consecutive months he should be notified by a postcard, and if he does not pay up he should be suspended."

Article XIV, section 10: "A member whose illness is lingering and who has collected benefits for six months in the sum of $5.00 per week, and for another six months in the sum of $2.50 per week, after one year such member loses his right to sick benefits and is not obliged to pay his monthly dues. If such member should be in need even after one year the lodge shall aid him by voluntary contributions."

Article XIV, section 13: "For the protection of the treasury being abused a member who has been sick for months and finds himself well before six months or twelve, then he is obligated to furnish a physician's certificate so that he may be eligible for protection again, being that he is completely cured from the previous illness."

months' failure to pay dues was shown to have been given plaintiff, nor was he ever suspended.

The very wording of Article XIV, section 10, shows that the member, whose illness is lingering, is not suspended or expelled after receiving twelve months' sick benefits. It refers to him, after such period, as a 'member,' but 'not obliged to pay his monthly dues;' and as a 'member' whom the lodge shall aid by 'voluntary contributions.' He is still a member of the society, but is not entitled to *further* 'sick benefits.'

Article XIV, section 13, has no relevancy in this issue. It applies only to cases where a member has been sick for a long time, but finds himself well before the six or twelve months' period has expired, and provides that, in such case, for the protection of the treasury, the 'member' is obligated to furnish a physician's certificate before he is again eligible for sick benefits. This plaintiff was not cured before the expiration of twelve months and is not eligible for any further sick benefits; but there is nothing in the parts of the constitution which have been offered in evidence which deprives him of his membership in the society. On the contrary the constitution still recognizes him as a member, but one not eligible to further protection by sick benefits.

On the trial there was some dispute between the witnesses for the plaintiff and the defendant,—about equally divided in number—as to the action taken by the society at its meeting on October 9, 1932, relative to the payment of this plaintiff's share of the fund to him. Witnesses for the plaintiff, including himself, testified that the society voted,—25 for, to 4 or 5 against—that the plaintiff should be paid $21.11 for every year that he was a contributing member from 1911 up to his illness in October, 1924, or fourteen years and seven months; irrespective of whether, under the constitution, he was entitled to more, this was all he asked. Witnesses for the defendant testified that the motion which was passed was to take up a voluntary collection for

him, under which $1.50 was raised; and that the motion to pay him $21.11 for every year that he was a contributing member was inconsistent with this and was not put to a vote. The trial judge left this dispute of fact to the jury, and their verdict was in favor of the plaintiff.

Certainly, under the evidence, the defendant was not entitled to binding instructions in its favor. The voting of a voluntary contribution, (under Art. XIV, sec. 10), was not inconsistent with plaintiff's right to share in the distribution of the principal fund, under the motion to divide it among the *members* in proportion to the length of their membership. If the motion to pay the plaintiff for only such years as he had contributed dues was not put or passed, as defendant now contends, it would not affect his right to share in the distribution under the general motion, which had been put and adopted. The special motion, if adopted, limited plaintiff's rights under the general motion to the years during which he had contributed dues. It certainly was not detrimental to the society and was accepted or assented to by the plaintiff.

We find no legal ground for disturbing the judgment on the verdict.

Judgment affirmed.